**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID RAMEY,** | ) | **CASE NO. 4:04 CV 01797** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOHN ASHCROFT,** | ) | **MEMORANDUM OPINION** |
| **ATTORNEY GENERAL,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss. (Dkt. #12).

**I. BACKGROUND**

*Factual Allegations*

Defendant, the United States Bureau of Prisons ("the BOP"), employs Plaintiff, David Ramey ("Ramey"), at the Federal Correctional Institution in Elkton, Ohio. (Dkt. #1, Complaint ¶ 9). Ramey alleges he suffers from a disability—paralysis of his bowel system and bladder function. (Id. ¶ 8). In August 1998 Ramey filed a complaint of discrimination alleging that his supervisor engaged in derogatory and discriminatory behavior toward Ramey based on Ramey's alleged disability. (Id. ¶ 10). After receiving an assurance that the discriminatory behavior would cease, Ramey voluntarily dismissed the complaint of discrimination. (Id. ¶ 11). Ramey alleges that, despite such assurance, the supervisor began

a course of discriminatory and retaliatory actions toward Ramey. (Id. ¶ 12). The discriminatory behavior continued and culminated on January 19, 2000, when Ramey was informed of a proposed demotion. (Id. ¶ 13–15).

*Procedural History*

On February 10, 2000 Ramey filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Dkt. #12, Ex. A, ("Agency Complaint")). Attached to the complaint was a statement outlining Ramey's allegations of disability and reprisal discrimination. (Id.).

On March 11, 2000, Ramey filed an appeal with the Merit Systems Protection Board ("MSPB"). (Dkt. #12, Ex. C, ("MSPB Appeal")). Attached to the appeal was a statement outlining the same issues alleged in Ramey's Agency complaint. (MSPB Appeal; Agency Complaint). The appeal came for a hearing before the MSPB on July 26, 2000. (Dkt. #12, Ex. D ("MSPB Hearing Transcript")). At the hearing, the MSPB administrative judge dismissed Ramey's appeal pursuant to a comprehensive settlement agreement between Ramey and the BOP.[1] (Id. at 4–6). The parties also agreed that the settlement was "without

---

[1]During the hearing the parties placed the settlement agreement on the record:

Mr. Hume [counsel for Ramey]:…The parties have reached a settlement agreement and the terms of which are as follows.

The Agency has agreed to cancel the demotion determination that was previously dated for March the 12th of the year 2000. Instead of the demotion, there will be a 15 day suspension beginning March the 12th of the year 2000.

There will also be a voluntary reassignment of the Appellant, David Ramey, to a maintenance supervisor position without the loss of any pay as he had or

prejudice to a pending [Agency complaint.]" (Id.).

Meanwhile, in the administrative proceedings on the Agency complaint, the BOP filed a motion to dismiss Ramey's administrative complaint on the grounds that, pursuant to 29 C.F.R. § 1614.302(b), Ramey had made an election to proceed before the MSPB, and the administrative complaint should have been dismissed pursuant to 29 C.F.R. § 1614.107(a)(4). The BOP also moved to dismiss the case based upon the record without a hearing. The administrative judge granted the latter motion, finding that the demotion issue was not properly before the court because the issue had been settled before the MSPB. (Dkt. #7, Answer, Ex. 1). On June 7, 2004 Ramey was given notice of his right to appeal the decision or file a civil action in this Court. (Dkt. #1, Ex. A).

---

would have at the rate of Lieutenant GS-11, Step 8.

That the Agency will pay $8,000.00 in attorney's fees.

That there will be no action of a disciplinary nature related to any incident that occurred in relation to a pool table.

And that, with regard to a memorandum of December of 1999 from Officer Merzwa, the Appellant agrees to provide today a full statement of all knowledge, and in exchange for his full and total cooperation, in the event of a finding of some misconduct on his part, no greater penalty than a letter of reprimand will be the penalty should the allegation of misconduct be sustained against him.

That Lieutenant Ramey will receive back pay, less the loss of pay that he would have suffered during the 15 day suspension.

And that this agreement is without prejudice to a pending EEO charge.

(MSPB Hearing Transcript at 4–6).

Ramey, subsequently, filed a Complaint in this Court asserting claims of disability discrimination and retaliation under the Vocational Rehabilitation Act and Title VII of the Civil Rights Act. (Complaint). The BOP has filed the instant motion to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. #12).

## II. STANDARD OF REVIEW

A party seeking to dismiss a claim pursuant to Rule 12 (b)(1) may engage in either (1) a facial attack to the complaint; or (2) a factual attack on the allegation contained therein. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in a light most favorable to the nonmoving party. See RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994); see also Ohio Nat'l Life, 922 F.2d at 325.

Where, as here, the district court considers a factual, rather than a facial, jurisdictional attack, it is empowered to resolve disputed questions of fact bearing on the court's jurisdiction. Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986). Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction, the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. See

Ohio Nat'l Life, 922 F.2d at 325. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. Moreover, the plaintiff maintains the burden of proof that jurisdiction does in fact exist. Id.

### III. LAW AND ANALYSIS

Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a federal court action. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976). Accord Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004); Benford v. Frank, 943 F.2d 609, 612 (6th Cir.1991); Hall v. U.S. Postal Serv., 857 F.2d 1073, 1078 n. 4 (6th Cir.1988). The purpose of the requirement is to trigger an investigation, giving notice to the alleged wrongdoer of its potential liability and enabling the EEOC to initiate conciliation procedures in an attempt to avoid litigation. Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir.1998) (citing EEOC v. Bailey, 563 F.2d 439, 447 (6th Cir.1977)). The BOP argues that Ramey's claim presents a "mixed case" governed by a comprehensive statutory and regulatory scheme and that Ramey has failed to exhaust the administrative remedies provided for his mixed case.

*Presentation of a Mixed Case*

A federal employee who suffers an adverse personnel action and also alleges discrimination in violation of Title VII presents a mixed case. Valentine-Johnson v. Roche, 386 F.3d 800, 805 (6th Cir. 2004). A mixed case requires a federal employee to "navigate the administrative regime that governs Title VII as well as the procedures for challenging an

5

adverse personnel action under the Civil Service Reform Act.² " Id. Ramey is alleging an adverse personnel action—discrimination which led to a demotion. Ramey is also alleging discrimination in violation of Title VII—that he was subjected to discriminatory harassment and retaliation by his supervisor. Id. Indeed, a comparison of Ramey's MSPB appeal and Agency complaint reveals that the issues raised in both are almost identical. (MSPB Appeal; Agency Complaint). Moreover, during the EEOC investigation into the mixed case complaint, Ramey listed the demotion as a specific issue he wanted evidenced in the EEOC investigation and asserted that the proposed demotion was the result of discrimination and retaliation. (Dkt. #12, Ex. E ("Ramey Affidavit") at 17, 20–21). Ramey contends that the alleged discriminatory actions by his supervisor ultimately led to his demotion; therefore, these alleged discriminatory actions are inextricably linked to the demotion issues. Consequently, Ramey presents a mixed case

***Exhaustion of Administrative Remedies in a Mixed Case***

In a mixed case, an aggrieved employee may pursue his claim either by filing a mixed

---

²The Civil Service Reform Act ("CSRA") created the Merit Systems and Protection Board ("MSPB"). The MSPB adjudicates claims made against agencies violating merit systems principles. The CSRA provides that an employee may appeal certain adverse actions committed by his employer directly to the MSPB, and from the MSPB to the Court of Appeals for the Federal Circuit or the Claims Court. See 5 U.S.C. §§ 7701, 7703.

case complaint[3] with his agency's EEOC office or by filing a mixed case appeal[4] directly with the MSPB. 29 C.F.R. § 1614.302(b). An aggrieved party may not, however, do both. Id; see also 5 C.F.R. § 1201.151; see generally Vallentine-Johnson, 386 F.3d at 805 (outlining the statutory and regulatory framework for the processing of mixed cases). Normally, whichever filing is first constitutes an election to proceed in that forum. 29 C.F.R. § 1614.302(b) ("The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.").

If an individual elects to proceed with an appeal to the MSPB, any Agency complaint raising the same matters shall be dismissed. 29 C.F.R. § 1614.107(a)(4). The complainant, however, retains the right to petition the EEOC for review of the MSPB's final decision on the discrimination issues. 29 C.F.R. § 1614.302(c)(2)(i). In the alternative, should the individual elect to proceed with a mixed case complaint, the subject agency is charged with investigating the complaint and issuing a Final Agency Decision. 29 C.F.R. § 1614.302(d)(2). There is no right to a hearing regarding a mixed case complaint, id.; however, within thirty days of a final decision, the complainant may file an appeal with the MSPB or a civil discrimination action in federal district court. 29 C.F.R. § 1614.302(d)(3).

---

[3] "A mixed case complaint is a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the [MSPB]." 29 C.F.R. § 1614.302(a).

[4] "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2).

Ramey first filed a mixed case complaint with the EEOC (the "Agency forum"). Normally, this course of action would indicate an election to proceed in the Agency forum. See 29 C.F.R. § 1614.302(b).  Ramey, however, subsequent to filing the mixed case complaint, also filed a mixed case appeal before the MSPB (the "MSPB forum").  He proceeded in both fora and achieved a settlement of the mixed case appeal, while continuing to prosecute the mixed case complaint forming the basis of this lawsuit.  An individual may not, however, prosecute both a mixed case appeal and a mixed case complaint.  See Whittington v. MSPB, 80 F.3d 471, 473 (Fed. Cir. 1996); Khoury v. Meserve, 268 F. Supp. 2d 600, 610 (D.Md. 2003).  Instead, an individual must elect a forum and exhaust the remedies available to him in that forum.

*Election of a Forum*

The BOP asserts that the disposition of Ramey's mixed case appeal by settlement before the MSPB indicates an election to proceed in that forum and argues that the adjudication by the EEOC administrative judge in the mixed case complaint proceeding was without authority and cannot form a basis for this Court's jurisdiction.

The Court agrees.  An initial filing of a mixed case in one forum does not always mandate an election of that forum; how far a mixed case has proceeded and whether a particular forum has considered the merits of an individual claim also determine an individual's election.  See Bailey v. Henderson, No. 99-4082, 2000 WL 1434634 (6th Cir. Sep. 21, 2000) ("Although the agency complaint was filed first in this case, plaintiff chose not to prosecute the [mixed case] complaint and his discrimination claims were heard by the

8

MSPB. This must be deemed to result in an election to proceed with the MSPB mixed case appeal, rather than with the agency complaint."); Isler v. Rubin, No. 01944858, 1995 WL 283461, *1 (EEOC May 4, 1995) ("[A]n agency can cancel a prior [mixed case] complaint where a subsequent MSPB appeal considered, or could have considered, the merits of the contentions raised in the [mixed case] complaint."). See also Kornman v. Baker, 686 F.Supp. 812 (N.D. Cal. 1988) (finding no election to either the MSPB or Agency forum because neither forum had considered the merits of plaintiff's case); Ralph v. Dept. of the Treasury, No. 01923116, 1992 WL 1509700 (EEOC Aug. 19, 1992).

Ramey's proceedings before the MSPB evidence an election of the MSPB forum. Ramey resolved his mixed case appeal by means of a comprehensive settlement which included several terms favorable to Ramey. As part of the settlement, the BOP retracted Ramey's demotion, and Ramey accepted reassignment to another position. (MSPB Hearing Transcript at 10–12). The BOP also paid Ramey's attorney fees in the amount of $8,000.00 and provided him with back pay. (Id.). Although the MSPB did not consider the merits of Ramey's claim, it had the opportunity to do so. The settlement indicates a consideration of the merits by the MSPB was unnecessary because the parties were able to consider and resolve the merits of Ramey's claim between themselves. This comprehensive settlement of claims before the MSPB board confirms Ramey's election of the MSPB forum. See Callaghan v. Henderson, No: 03990095, 2000 WL 864066, *1 (E.E.O.C. June 14, 2000) (finding that the petitioner confirmed his election of the MSPB appeal forum when he entered into a settlement for something of value). Although Ramey first filed a mixed case

9

complaint, he also chose to adjudicate a mixed case appeal before the MSPB. He then chose to dispose of his claims—claims largely identical to and overlapping with the claims asserted in his mixed case complaint—by settlement before the MSPB. Accordingly, the Court finds that Ramey elected to proceed before the MSPB.

Ramey contends that his actions constitute an election of the Agency forum. In support of this assertion Ramey argues that not only did he file the mixed case complaint first, but he also "withdrew" his MSPB appeal stipulating that it was "without prejudice" to the pending EEOC charge.

These arguments are misplaced. First, the Court has determined that an initial filing in one forum does not always constitute election of that forum, especially in instances in which a particular forum considers or has the oportunity to consider the merits of a mixed case claim. Second, the record reflects that, whether termed a "withdrawal" or a "dismissal," the disposition of Ramey's mixed case appeal was a settlement of claims. Ramey's "withdrawal" was not merely a decision to stop pursuing his discrimination and unlawful demotion claims, it was a settlement of all of his claims. Nor did the "withdrawal" imply that Ramey would be able to further pursue the same claims. The settlement includes a "waiver of all other appeal rights in regard to any matters raised in [the MSPB] case or which could have been raised [in the MSPB case]." (MSPB Hearing Transcript at 6). The Court has already determined that the claims alleged in Ramey's mixed case appeal and mixed case complaint are largely identical. Mere use of the term "withdrawal" by the administrative judge does not negate Ramey's election of the MSPB forum; rather, the record of the

10

proceedings before the MSPB demonstrates an adjudication of the matter through a settlement agreement. To interpret the effect of the term "withdrawal" otherwise would impermissibly allow Ramey to relitigate identical claims against the same defendant. See Kornman, 686 F.Supp. at 812 (finding that the "election of forum" regulations are designed to prevent simultaneous processing of discrimination claims before the MSPB and the employer agency).

Finally, Ramey also argues that enforcement of the settlement terms—specifically, the term stipulating that the settlement was "without prejudice" to the pending EEOC complaint—requires the Court to determine that Ramey elected the Agency forum. This term, however, is contrary to the federal regulations. The federal regulations state that an individual cannot proceed on both a mixed case appeal and mixed case complaint. 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.51. Indeed, once an individual elects to proceed with a mixed case appeal before the MSPB, any mixed case complaint raising the same matters must be dismissed. 29 C.F.R. § 1614.107(a)(4). Ramey's settlement of the MSPB apeal confirmed his election of that forum. Accordingly, Ramey's mixed case complaint, which forms the basis of this law suit, should have been dismissed by the EEOC administrative judge pursuant to the federal regulations. Id.

The "without prejudice" term of the settlement agreement is contrary to valid federal regulations and is, consequently, void. Voiding this term, does not affect the rest of Ramey's settlement agreement. It is well established that illegal provisions of a contract should not render the entire contract void unless the forbidden provision proves basic to the whole

11

scheme of the contract. Morrision v. Circuit City Stores, Inc., 317 F.3d 646, 678 n.22 (6th Cir. 2003). Here, the focus of the settlement agreement between Ramey and the BOP was to convey benefits to Ramey—retraction of his demotion, reassignment, back pay, attorney's fees—in exchange for the withdrawal of his mixed case appeal. Removal of the voided term does not affect the benefits received by Ramey in the settlement agreement. Therefore, the illegal provision can be extracted from the contract without harm to the contract as a whole.[5]

Despite his decision to first file a mixed case complaint, the adjudication of Ramey's mixed case appeal by settlement clearly demonstrates election of the MSPB forum. Neither the term "withdrawal" nor the term "without prejudice" affect this disposition.

*Consequences of Ramey's Election*

As a consequence of this election, Ramey "must exhaust [the available] administrative remedies in [the MSPB] forum prior to filing a civil action in federal district court." See Harms v. I.R.S., 321 F.3d 1001, 1009 (10th Cir. 2003) (citing McAdams v. Reno, 64 F.3d 1137, 1142 (8th Cir. 1995)). Individuals dissatisfied with the disposition of their mixed case

---

[5]Ramey also argues that the BOP, having agreed to allow Ramey to pursue his mixed case complaint, is now estopped from asserting that Ramey's withdrawal of his MSPB appeal constituted an election of remedies. Ramey relies on the Sixth Circuit's opinion in Vallentine-Johnson for support. The facts of Vallentine-Johnson, however, are inapplicable to the instant case. 386 F.3d at 809–11. Vallentine-Johnson concerned a lack of adequate representation before the MSPB, detrimental reliance by a plaintiff, and a subsequent reversal of position by the defendant agency. Id. In the instant case Ramey makes no allegations of inadequate representation and the record evidences no detrimental reliance. Furthermore, the BOP's position has been consistent throughout all proceedings. The "without prejudice" term cannot be interpreted as an agreement by the BOP to allow Ramey to pursue his mixed case complaint, because the term, as discussed, is contrary to federal regulations and therefore void.

appeal may seek further review of an MSPB decision

> either (1) by filing a petition for administrative review of the MSPB's final decision with the EEOC within 30 days, see 29 C.F.R. §§ 1614.303–.304; or (2) by filing a civil action in the appropriate district court within 30 days of the MSPB's final decision, see 5 U.S.C. § 7703(b)(2) and 29 C.F.R. § 1614.310.

Bailey, 2000 WL 1434634 at *3.  This right of review is not a right to re-adjudicate the same issues in a different forum; rather, in a mixed case, a final decision from the MSPB exhausts an individual's administrative remedies and allows him to seek judicial review. See McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir.1995).  Ramey, after choosing the MSPB forum, elected to settle his case, foregoing a final decision from the MSPB and also waiving his right to a hearing before the EEOC, 29 C.F.R. §§ 1614.303–.304, and district court review, 5 U.S.C. § 7703(b)(2).  Ramey waived his right to pursue his administrative remedies in the MSPB forum; therefore, the Court lacks subject matter jurisdiction over his claims.  See Dixon, 392 F.3d at 217.

Ramey, likewise, has no right to pursue administrative remedies in the Agency forum. Although Ramey received a final Final Agency Decision in the Agency forum, (Complaint, Ex. A), the Court is without subject matter jurisdiction because the underlying, mixed-case complaint, forming the basis of the Final Agency Decision, should have been dismissed pursuant to 29 C.F.R. § 1614.107(a)(4) as Ramey elected the MSPB forum.  Predicating the Court's jurisdiction on the Final Agency Decision is an attempt by Ramey to obtain an adjudication in two fora on largely identical claims and would constitute an abuse of the administrative system.

13

Ramey argues that dismissal of the present action would deny him judicial review—his right to a trial de novo under Title VII. See 5 U.S.C. § 7702(e)(3). Indeed, a court should not interpret the election of forum regulations as precluding Title VII's clear mandate to provide a plaintiff with de novo judicial review. See Kornman, 686 F. Supp at 814. Dismissal of this action, however, would not deprive Ramey of his right to de novo review; rather, it is Ramey's own settlement of his MSPB claims which has deprived him of such a right.

Ramey elected the MSPB forum and waived his right to pursue the administrative remedies available to him in that forum, including appeal to federal district court. Ramey also has no right to pursue administrative remedies available in the Agency forum. Because he elected the MSPB forum, Ramey's proceedings in the Agency forum were without authority, and the Final Agency Decision from the Agency forum cannot form a basis for this Court's jurisdiction. Accordingly, Ramey's case must be dismissed for failure to properly exhaust administrative remedies with respect to his mixed case complaint before the EEOC, the administrative case forming the basis of the instant action.

**IV. CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss (Dkt. #12) is **GRANTED**. The above noted matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                          /s/ *Peter C. Economus* – **07/11/05**
                                          **PETER C. ECONOMUS**
                                          **UNITED STATES DISTRICT JUDGE**